IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Troy Kevin Williams, ) | Civil Action No.: 4:12-cv-02127-RBH |
| ) | Criminal No.: 4:05-cr-00668-RBH-1 |
|     Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
|     Respondent. ) | |
| _____ ) | |

Pending before the Court is Troy Kevin Williams' ("Petitioner's") *pro se* Motion to Vacate, Set Aside, or Correct Sentence ("Motion to Vacate") pursuant to 28 U.S.C. § 2255. For the following reasons, Petitioner's Motion to Vacate is dismissed.[1]

## **Procedural History and Factual Background**

On December 19, 2006, a federal grand jury returned a single-count indictment against Petitioner, charging him with possession with intent to distribute crack cocaine and cocaine. Petitioner entered a plea of not guilty at his arraignment on July 13, 2005. On January 6, 2006, Petitioner withdrew his plea of not guilty and entered a guilty plea pursuant to a plea agreement. At a sentencing hearing held on October 23, 2007, the Court sentenced Petitioner to 240 months imprisonment. This judgment was docketed on October 24, 2007, and Petitioner did not file an appeal.

On July 27, 2012, Petitioner filed the instant Motion to Vacate [Doc. # 115]. In the Motion to Vacate, Petitioner alleges that he was improperly sentenced based on reasoning from the Supreme Court's holding in *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010), and the Fourth Circuit's

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *United States v. Burton,* 26 Fed. App'x 351 (4th Cir. 2002); *see also United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").

holding in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011). [Mot. to Vacate, Doc. # 122; Resp. in Opp., Doc. # 124.]

On August 14, 2012, the Government filed a Motion to Dismiss [Doc. # 122], alleging that Petitioner's Motion was both untimely and without merit. An order filed August 20, 2012, pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), advised Petitioner of the dismissal procedure and the possible consequences if he failed to respond adequately. Petitioner responded on August 20, 2012. [Doc. #147.]

## **Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended § 2255 by imposing a one-year statute of limitations period for the filing of any motion under this Section. Accordingly, the one-year period of limitation begins to run from the latest of the following four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

>    (4) the date on which the facts supporting the claim or claims presented
>    could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). For purposes of the one-year limitation period, if a defendant unsuccessfully appeals the judgment of conviction, but does not file a petition for a writ of certiorari on direct review, the "judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *See Clay,* 537 U.S. at 525; *see also* Sup. Ct. R. 13.1 ("a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by . . . a United States court of appeals . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.").[2]

In deciding a § 2255 motion, the Court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief).

## Discussion

As this Court stated above, Petitioner's convictions and sentence were imposed by a judgment filed on October 24, 2007. Pursuant to Rule 4 of the Federal Rules of Appellate Procedure, he had ten days from that date within which to file a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A)(I) (amended

---

[2] The Fourth Circuit has held that, under certain circumstances, the AEDPA statute of limitations is subject to equitable modifications such as tolling. *United States v. Prescott,* 221 F.3d 686, 687–88 (4th Cir. 2000). Other than his reference to *Simmons*, which is discussed herein, Petitioner does not argue that equitable tolling should apply to this case. This Court further notes that such tolling would be inappropriate under the situation at bar. *See Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (holding that "rarely will circumstances warrant equitable tolling").

Dec. 1, 2009).[3] However, Petitioner did not pursue a direct appeal. Because Petitioner did not seek appellate review, his judgment of conviction became final for the purpose of starting the one-year limitations period on November 7, 2007. *See* Fed. R. App. P. 26(a)(2) (amended Dec. 1, 2009) (providing "intermediate Saturdays, Sundays, and legal holidays" are excluded when time period is less than eleven days). Petitioner then had one year in which to file his Motion to Vacate. *See* 28 U.S.C. § 2255(f)(1). However, Petitioner's Motion to Vacate was not filed until July 27, 2012, almost five years *after* the statute of limitations had run. As such, the Motion to Vacate is untimely on its face.

Because Petitioner does not argue that any impediment to his Motion to Vacate was removed within a year prior to its filing, or that facts supporting his claim were discovered within that time period, Petitioner's Motion to Vacate is untimely unless he can show the following: that on or after July 27, 2011, the right asserted by Petitioner was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. *See* 28 U.S.C. § 2255(f). Petitioner fails to make any such showing.

In his Motion to Vacate, Petitioner invokes *Carachuri-Rosendo v. Holder*, 130 S.Ct. 2577 (2010). [Mot. to Vacate, Doc. # 382; Doc. # 390.] However, Petitioner is time-barred unless his Motion to Vacate is filed *within a year* of a Supreme Court decision recognizing a new right and making that new right retroactive to cases on collateral review. *See* 28 U.S.C. § 2255(f)(3). Even if this Court were to hold that *Carachuri-Rosendo* created a right made retroactive to habeas cases, *Carachuri-Rosendo* was decided on June 14, 2010. Thus, any Motion to Vacate invoking a retroactive right supposedly created by *Carachuri-Rosendo* must have been filed by June 2011.

---

[3] The rule, as amended on December 1, 2009, now provides "[i]n a criminal case, a defendant's notice of appeal must be filed in the district court within *14* days after . . . the entry of either the judgment or the order being appealed." Fed. R. App. P. 4(b)(1)(A)(I) (West 2010) (emphasis added).

Petitioner also argues that he is entitled to relief based upon the Fourth Circuit's holding in *Simmons*. [Mot. to Vacate, Doc. # 382; Doc. # 390.] As has been previously discussed, Petitioner is time-barred unless he filed his Motion to Vacate within one year of *the Supreme Court* newly recognizing the asserted right and making that retroactive to cases on collateral review. However, *Simmons* is not a U.S. Supreme Court decision. *See e.g.*, *Blakney v. United States*, No. 4:11–cv–70024–RBH, 2011 WL 1113468, at *2 (D.S.C. March 24, 2011) (stating "[m]ost notably, the [ ] case relied upon by Petitioner is not a decision of the United States Supreme Court, and therefore does not reset the clock on the § 2255 limitation period").

Even if this Court were to reach the merits of Williams' claim, the Fourth Circuit's ruling in *Simmons* is inapplicable to this case and that Williams' prior convictions clearly qualify as felony drug convictions under 21 U.S.C. 841(b)(1)(A). *Simmons* concerned the unique sentencing regime that exists in North Carolina's state courts. *Simmons* has no application to Williams' South Carolina convictions for possession of cocaine and possession of crack. It is well settled that South Carolina convictions for possession of cocaine and possession of crack, each of which carry a maximum sentence of imprisonment of more than one year under S.C. Code Ann. §§ 44-53-370(c) and (d), and 44-53-375(A), are convictions for "felony drug offenses" for purposes of 21 U.S.C. §§ 841(b)(1)(A) and 851. *See Burgess v. United States*, 553 U.S. 124, 126 (2008) (holding that a South Carolina conviction for possession of cocaine is a conviction for a "felony drug offense", as that term is used in § 841(b)(1)(A), because it is "punishable by more than one year," regardless of the fact that the state of conviction classified the offense as a misdemeanor); *United States v. Bromell*, 284 Fed. App'x 74, 75 (4th Cir. 2008) (unpublished opinion) (citing *Burgess* in support of holding "[t]he district court did not err in concluding that Bromell's prior South Carolina conviction for crack cocaine possession constituted a 'felony drug offense' under 21 U.S.C. § 841(b)").

### **Certificate of Appealability**

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).  When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.  In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

### **Conclusion**

Having thoroughly reviewed the entire record and the applicable law, the Court finds that Petitioner's Motion to Vacate is time-barred, without merit, and that no evidentiary hearing is needed. Based on the foregoing, it is **ORDERED** that the Government's Motion to Dismiss [Doc. # 122] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Vacate is **DISMISSED** *with prejudice*.

**IT IS ALSO ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>R. Bryan Harwell<br>United States District Judge

Florence, South Carolina
November 30, 2012